UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

OJINIKA IKEDILO,

                                             Plaintiff,                 19-CV-09967 (RA)(SN)

                        -against-                                       **ORDER**

MINDY STATTER, et al.,

                                             Defendants.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/1/2023

**SARAH NETBURN, United States Magistrate Judge:**

The Court has reviewed Plaintiff's letter and newly-filed response to Defendants' Rule 56.1 Statement (the "Response"). See ECF No. 96. Plaintiff's counsel represents that his failure to file the Response was an oversight—despite having been on notice since the filing of Defendants' reply brief on May 17, 2023, which noted counsel's omission on its first page. See ECF No. 90 at 6.

Counsel also states an intention to move for "reconsideration" of the Court's July 27, 2023 Report and Recommendation. While no such remedy is available in response to a report and recommendation, given our judicial system's strong preference for deciding cases on their merits, the Court accepts Plaintiff's late-filed Response, has taken it under consideration, and read it in the light most favorable to Plaintiff as the party opposing summary judgment. For the reasons that follow, the Court finds that the Response does not alter the Court's existing recommendation.

First, Plaintiff responds to only 54 of the 192 paragraphs contained in Defendants' 56.1 statement, rendering the remaining paragraphs undisputed. See T.Y. v. New York City Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009).

Second, the majority of Plaintiff's responses[1] are improper in that they do not "actually challenge the factual substance described in" their corresponding paragraphs and therefore do not create any disputes of fact. Reeves v. City of Yonkers, 348 F. Supp. 3d 264, 268 n.3 (S.D.N.Y. 2018); see also Goldstick v. The Hartford, Inc., No. 00-cv-8577 (LAK), 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002).

Third, the disputes of fact that Plaintiff does raise are, without exception, not material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (A genuine dispute of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). They are each addressed in turn below.

Paragraph 17 defines the USMLE Step 3 as a nine-hour multiple choice exam. Plaintiff responds that it is a two-day exam, with *each* day lasting nine hours. This dispute has no bearing on Plaintiff's claims.

Paragraph 18 asserts that Plaintiff took the USMLE Step 3 in 2017 "while still at Montefiore." Plaintiff responds that she was no longer at Montefiore at that time because she had already been terminated. This dispute has no bearing on Plaintiff's claims.

Paragraph 28 names three Black categorical residents admitted to the Program "[u]nder Dr. Statter's tenure." Plaintiff responds that two of these residents were admitted before Dr. Statter became program director, and that the third was the *only* Black categorical resident

---

[1] Specifically, Plaintiff's responses to paragraphs 5, 19, 21, 33-34, 38, 43, 47-48, 52, 57-59, 62-64, 66, 69-70, 73-77, 82, 94, 97-101, 103-04, 106-09, 114, 116, 119, 122, 124-25, 127, 137, 165-66, 185, and 192.

admitted under Statter. Although evidence of Dr. Statter's track record of admitting Black categorical residents is certainly relevant to Plaintiff's discrimination claim in Count One, this dispute, in light of the rest of the record on summary judgment, is not sufficient to allow a reasonable jury to return a verdict for Plaintiff.

Paragraph 55 states that Plaintiff was assigned Dr. Stone as a mentor during PGY-1. Plaintiff responds that this actually occurred in PGY-2. This dispute has no bearing on Plaintiff's claims.

Paragraph 68 states that Plaintiff's evaluation of three out of five for her Jacobi Trauma rotation "is considered below average." Plaintiff responds that her evaluation was average and stated that she met expectations. In support, Plaintiff cites her own Counter Statement, which in turn cites Dr. Statter's deposition. See ECF No. 82-8 at 28:24-25 (Question: "And what was average?" Answer: "To the best of my recollection it's a scale of 1 to 5 with 3 being average."). Whether Plaintiff's evaluation for her Jacobi Trauma rotation was "average" or "below average" is relevant to Plaintiff's discrimination claim in Count One, as Plaintiff's documented performance deficiencies are central to Defendants' argument that her termination was justified. However, Plaintiff does not contest the evaluation, only Defendants' characterization of it, and has left uncontested the vast majority of the decidedly negative evaluations and metrics cited by Defendants. Even if the jury were to credit Plaintiff's characterization that a score of 3 was "average," no reasonable jury could rely on this assessment to conclude that Defendants' grounds for non-promotion and termination were pretextual.

Finally, Plaintiff asserts as part of her responses to paragraphs 43 and 47 that "the ABS and ACGME specifically prohibited use of ABSITE scores in making retention and promotion decisions." This assertion does not contradict the statements of fact contained in paragraphs 43

and 47, but, if true, could potentially be relevant to Plaintiff's discrimination claim in Count One. However, the record citations provided by Plaintiff do not support this assertion.

To the extent Plaintiff intends to seek a merits-based reconsideration of the Court's recommendation, such challenges are properly brought before the District Judge under Rule 72(b). In light of the forgoing, Plaintiff's 14-day period to object to the Court's Report and Recommendation shall run from the issuance of this Order.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:     August 1, 2023
               New York, New York